IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE LUIS CARLOS MARTINEZ,

      Petitioner,

vs.                                            Civ. No. 07-152 WJ/RHS

STANLEY MOYA, Warden, and
GARY K. KING, Attorney General
of the State of New Mexico.

      Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF
THE UNITED STATES MAGISTRATE JUDGE REGARDING
<u>RESPONDENTS' MOTION TO DISMISS</u>**

**THIS MATTER** comes before the Court on "Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition" ("Motion to Dismiss"), filed March 26, 2007 **[Doc. No. 8]**. Petitioner has not submitted a response to the motion. The Court, having considered Respondents' Motion to Dismiss, the relevant authorities and being otherwise fully advised in the premises, recommends that Respondents' Motion to Dismiss be denied and that Petitioner's case be transferred to the United States Circuit Court of Appeals for the Tenth Circuit ("Tenth Circuit") as a second or successive petition.

In his application for a writ of habeas corpus, Petitioner challenges his state court conviction in the Third Judicial District, Dona Ana County, New Mexico, Cause No. CR-1995-370. However, as Respondents point out, Petitioner has previously filed one or more such applications with respect to his conviction. (<u>See</u>, <u>e.g.</u>, <u>Martinez v. Lemaster</u>, District Court of

-1-

New Mexico, Civil No. 04-829 MV/WDS **[Doc. No. 1]**).  Thus, the Court agrees that Petitioner's application constitutes a second or successive petition.  Before a second or successive application may be filed in this Court, Petitioner must obtain from the Tenth Circuit an order authorizing such an application.  See 28 U.S.C. § 2244.  Because nothing indicates that Petitioner obtained the requisite authorizing order from the Tenth Circuit, this Court lacks the authority to consider his application.

Nevertheless, the Court rejects Respondents' argument that Petitioner's application should be dismissed on this basis.[1]  The Tenth Circuit provides that "when a second or successive petition for habeas corpus relief . . . is filed in the district court without the required authorization by this court, *the district court should transfer the petition or motion to this court* in the interest of justice pursuant to [ 28 U.S.C.] § 1631."  Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (emphasis added); see also U.S. v. Terrell, 190 Fed.Appx. 715, 716-17 (10th Cir. Aug 10, 2006) (unpublished) (explaining that the district court "should have transferred the matter to this court  as a successive § 2255 motion" instead of dismissing it for lack of jurisdiction) (citing Coleman, 106 F.3d at 341).  Accordingly, the Court recommends that Respondents' Motion to Dismiss Petitioner's application be denied.

---

[1] Respondents contend that "the instant petition should be *dismissed* because it is a second or successive petition[,]" without citation to any authority whatsoever in support of that contention.  (Motion to Dismiss at 4¶ 23 (emphasis added)).  Respondents are reminded that "[a] motion . . . must cite authority in support of the legal positions advanced."  D.N.M.LR-Civ. 7.5(a).  Moreover, counsel are cautioned that in submitting a motion to the Court, an attorney certifies that "legal contentions are warranted by existing law." FED. R. CIV. P. 11(b)(2).

*Conclusion*

For all the reasons set forth above, the Court recommends that "Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 as a Second or Successive Petition" **[Doc. No. 8]** be **denied** and that this civil proceeding be transferred to the Tenth Circuit as a second or successive application pursuant to § 1631.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE